C00-311, JCC, C00-441, C00-445

FILED ___ 2/14 ___ ENTERED
LODGED ___   ___ RECEIVED

FEB 13 2002 ZG

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CV 00 00311  //00000212

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUTH TREVINO LOPEZ, et al.,

        Plaintiffs,

    v.

UNION PACIFIC RAILROAD COMPANY,
et al.,

        Defendants.

CASE NO. C00-311C
C00 - 441 C
ORDER C00 - 445C

Previously, the Court consolidated case numbers C00-311C, C00-441C, and C00-445C for all

pretrial purposes and directed the parties to file all papers in case number C00-311C.[1]  Plaintiffs in case

number C00-311C ("the Lopez plaintiffs") have thrice moved for sanctions against defendant Union

Pacific Railroad Company ("Union Pacific") for destruction, alteration, and concealment of evidence

(Dkt. Nos. 118, 169, 190).  In addition, certain defendants in case numbers C00-441C and C00-445C

("the Lopez defendants") have moved for sanctions against cross-defendant Union Pacific (Dkt. No. 51)

(Dkt. No. 44).  The Court has considered the papers submitted by the parties and determined that oral

argument is not necessary.  For the following reasons, the Lopez plaintiffs' first and third motions for

---

[1] The general facts giving rise to this lawsuit appear in the Court's Janaury 17, 2002 order (Dkt.
No. 188).

ORDER – 1



1   sanctions are hereby DENIED (Dkt. Nos. 118, 190); the Lopez plaintiffs' second motion for sanctions is

2   hereby GRANTED (Dkt. No. 169); the Lopez defendants' motion for sanctions in case number C00-

3   441C is hereby GRANTED (Dkt. No. 51); and the Lopez defendants' motion for sanctions in case

4   number C00-445C is hereby GRANTED (Dkt. No. 44).  The precise sanctions are addressed below.

5   I.  THE COURT'S AUTHORITY TO IMPOSE SANCTIONS

6         This Court possesses inherent and discretionary authority to impose sanctions to ensure the

7   orderly and expeditious disposition of cases.  Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,

8   982 F.2d 363, 368 (9th Cir. 1992) (citations omitted).  Sanctions should both cure prejudice to the

9   innocent party and deter similar future conduct.  Sanctions should be fact-specific[2] and should consider

10  the offending party's willfulness, fault, and bad faith.  Id. at 368-69.  Appropriate sanctions include

11  evidentiary rulings and monetary sanctions.  For example, if both parties had the opportunity to inspect

12  destroyed evidence before its destruction,[3] other relevant evidence exists, and the offending party's

13  motives were equivocal, the court may instruct the jury to presume destroyed evidence was adverse to

14  the offending party, but allow that party to rebut this presumption.  Id. at 369 (citing Wong v. Swier, 267

15  F.2d 749, 758-61 (9th Cir. 1959)).  However, if destroyed evidence precludes a party from fully

16  prosecuting or defending its case, the Court may exclude the evidence or the offending party's related

17  testimony.  Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993); Unigard, 982 F.2d at 368-69.

18  II.  THE LOPEZ PLAINTIFFS' FIRST MOTION FOR SANCTIONS

19        The Lopez plaintiffs' first motion for sanctions seeks sanctions with respect to five specific

20  pieces of evidence: dispatch log audio tapes, the "research request form", "near-hit" data and reports,

21  track inspection records, and crossing-signal inspection records.  First, the Lopez plaintiffs requested

22  relevant September 27, 1997 dispatch log audio tapes, which record all oral communications between

23

24        [2] Thus, the Court finds all references to unrelated cases and behavior unpersuasive.

25        [3] "Destruction" includes the alteration of evidence.

26  ORDER – 2

1  Union Pacific's train crew and central dispatcher. These tapes provide the only truly contemporaneous

2  record of the collision. However, pursuant to company policy, Union Pacific destroyed these tapes

3  approximately ninety days following the collision. The Lopez plaintiffs filed this lawsuit over two years

4  later. The Court declines to impose any general duty on Union Pacific to indefinitely retain dispatch log

5  audio tapes after a collision. Sanctions are not appropriate.

6        Second, the Lopez plaintiffs requested Union Pacific's "research request form", which Union

7  Pacific uses to retain dispatch log audio tapes beyond ninety days. Union Pacific did not produce this

8  document due to the specific wording of the request. Sanctions are not appropriate. However, the Court

9  hereby orders Union Pacific to produce a blank copy of the "research request form" within ten days of

10  this order unless the Lopez plaintiffs have obtained it from another source.

11        Third, the Lopez plaintiffs requested all oral or written "near-hit" data or reports for the subject

12  crossing. The Lopez plaintiffs insist that Union Pacific has such data or reports because neighbors, local

13  drivers, and a Union Pacific engineer have testified to "near-hits" at the crossing. Specifically, engineer

14  Brian Baller recalls reporting two incidents to Union Pacific. Yet, Union Pacific remains adamant that it

15  has no such data or reports. Under these circumstances, the Court concludes that sanctions are not

16  appropriate. The Lopez plaintiffs have ample eyewitness testimony to establish a history of "near-hits"

17  and present arguments regarding Union Pacific's knowledge of such "near-hits".

18        Finally, the Lopez plaintiffs requested Union Pacific's annual track and crossing-signal

19  inspection records. Federal law requires Union Pacific to retain these records for one year. Pursuant to

20  company policy, Union Pacific destroyed its 1996 and 1997 records long before the Lopez plaintiffs

21  filed the instant lawsuit. For the same reasons discussed above with respect to the audio tapes, sanctions

22  are not appropriate. Accordingly, the Court DENIES the Lopez plaintiffs' first motion for sanctions.

23  III. THE LOPEZ PLAINTIFFS' SECOND MOTION FOR SANCTIONS

24        The Lopez plaintiffs' second motion for sanctions seeks sanctions with respect to evidence

25  destroyed by Robert Ryan, Union Pacific's Manager of Signal Maintenance. Mr. Ryan surreptitiously

26  ORDER – 3

removed potentially-defective modules from the PMD2 motion detector[4] prior to a planned inspection by the parties, their counsel, and experts. He replaced them with non-defective modules. Two months later, the Lopez plaintiffs discovered his subterfuge. When confronted, Mr. Ryan admitted that he intentionally hid the modules. After removing the potentially-defective modules, Mr. Ryan sent them to their manufacturer. If the modules were defective, the manufacturer repaired them. However, the parties cannot discern this fact from the manufacturer's records. Therefore, it is unclear to what extent, if any, the manufacturer altered the evidence.

Although Union Pacific's expert believes he can determine, in retrospect, whether the modules were defective, the Lopez plaintiffs' expert, who worked for the manufacturer for thirty years, strongly disagrees. He suggests it is impossible to determine what modifications, if any, were made to the modules, including the removal of foreign contaminants. Regardless, the Lopez plaintiffs did not have the opportunity to fully inspect the potentially-defective modules prior to Mr. Ryan's actions. The modules have undergone unknown alterations in unknown hands.[5] In short, Mr. Ryan's actions severely prejudiced the Lopez plaintiffs. Moreover, his actions were not those of a rogue underling. He is an experienced manager who had specific contemporary knowledge of the modules' evidentiary significance. His acts were egregious. Severe sanctions are appropriate and necessary to deter future similar conduct. Therefore, the Court GRANTS the Lopez plaintiffs' second motion for sanctions and specifically rules as follows. The modules Mr. Ryan replaced were defective. On September 27, 1997, this defect caused the crossing signals to fail to provide the federally-required twenty-second warning of an approaching train. This is not a rebuttable presumption. Union Pacific may present no evidence or

---

[4] Previously, Union Pacific conceded that a genuine issue of material fact exists with respect to whether the PMD2 motion detector and crossing signals malfunctioned at the time of the collision.

[5] "Sometimes . . . a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1058 (9th Cir. 1998). This statement is particularly apt here.

ORDER – 4

testimony regarding constant and intermittent failures or the proper function of the crossing signals.[6]  In addition, Union Pacific shall pay the Lopez plaintiffs' reasonable attorney fees and costs related to this motion.

## IV.  THE LOPEZ PLAINTIFFS' THIRD MOTION FOR SANCTIONS

The Lopez plaintiffs' third motion for sanctions seeks sanctions with respect to data from the second locomotive's event recorder.  The Lopez plaintiffs sought discovery of data from all event recorders on locomotives involved in the collision.  Two locomotives powered the train.  Union Pacific downloaded data, including the train's speed, from the first locomotive's event recorder.[7]  Pursuant to federal law, Union Pacific must retain this data for thirty days.  However, Union Pacific's Manager of Operating Practices does not recall whether he ever download data from the second locomotive.  If he did, Union Pacific lost the data.  Nevertheless, the Lopez plaintiffs filed this lawsuit more than two years following the collision.  Under these circumstances, sanctions are not appropriate.  Thus, the Court DENIES the Lopez plaintiffs' third motion for sanctions.

## V.  THE LOPEZ DEFENDANTS' MOTIONS FOR SANCTIONS

The Lopez defendants move for sanctions against cross-defendant Union Pacific in case numbers C00-441C and C00-445C.  These identical motions substantively parallel the Lopez plaintiffs' second motion for sanctions.  The Lopez defendants argue that Mr. Ryan's destruction of the modules precludes them from establishing an affirmative defense: the crossing signals failed to provide decedent Lopez adequate warning of the approaching train.   Union Pacific suggests these motions are premature.  The Court disagrees.  For the reasons articulated above with respect to the Lopez plaintiffs' second motion

---

[6] Whether the defective modules and short signal proximately caused the Lopez plaintiffs' injuries remains a question of fact for the jury.

[7] A genuine issue of material fact exists with respect to whether the train was exceeding the forty m.p.h. speed limit.  Even though the Court previously interpreted 49 C.F.R. § 229.117(a)(1), Union Pacific continues to blur the regulation's plain language.  The Court will not entertain this argument.  Union Pacific remains free to argue that its speed indicator was inaccurate by two miles per hour.

ORDER – 5

1  for sanctions, the Court GRANTS the Lopez defendants' motions for sanctions in case numbers C00-

2  441C and C00-445C.  The Court specifically rules as follows.  The modules Mr. Ryan replaced were

3  defective.  On September 27, 1997, this defect caused the crossing signals to fail to provide the

4  federally-required twenty-second warning of an approaching train.  This is not a rebuttable presumption.

5  Union Pacific may present no evidence or testimony regarding constant and intermittent failures or the

6  proper function of the crossing signals.   In addition, Union Pacific shall pay the Lopez defendants'

7  reasonable attorney fees and costs related to this motion.

8  VI.  SUMMARY

9  In sum, the Lopez plaintiffs' first and third motions for sanctions are DENIED.  The Lopez

10  plaintiffs' second motion for sanctions is GRANTED as detailed above.  The Lopez defendants' motions

11  for sanctions in case numbers C00-441C and C00-445C are GRANTED as detailed above.  No

12  additional monetary sanctions are appropriate.

13  SO ORDERED this 13 day of February, 2002.

15  CHIEF UNITED STATES DISTRICT JUDGE

26  ORDER – 6